**CIRCUIT COURT OF FAIRFAX COUNTY**

Lehman H. Young, Jr.

v.

Fairfax Printers, Inc., et al.

Case No. (Chancery) 107390

By JUDGE MICHAEL P. McWEENY

February 13, 1989

This case came before the Court on a petition to set aside an election of directors of Fairfax Printers, Inc., a Virginia corporation incorporated in 1970 by Lehman H. Young, Sr., and managed in recent years by his son, Lehman H. Young, Jr. For the reasons set forth, the petition is granted.

The first finding of the Court was conceded at trial. The election must be vacated, as on the face of the corporate records, Pamela A. (Young) Walker and Deborah R. (Young) Harris each voted fourteen shares of stock which are clearly recorded as Class B, non-voting stock. At no time did Ms. Walker or Ms. Harris have Class A, voting stock, in any amount according to the Stock Transfer Ledger, and accordingly, the election is invalid. (Once this concession was made, the motion to strike the Plaintiff's evidence became moot, and that motion was deemed denied.)

The second finding relates to the method of voting reflected in the Corporate Minute Book. On January 15, 1988, the shareholders met to vote on the expansion of the Board of Directors to three members and elected Lehman H. Young, Sr., Lehman H. Young, Jr., and Cleo Anderson to those positions. The means of election was by cumulative voting of the shares of stock. Section 13.1-669(B) of the Virginia Code provides that shareholders do not have a right to cumulate their votes unless the Articles of Incorporation so provide. Although the corporate bylaws provide for cumulative voting, the Articles of Incorporation of Fairfax Press, Inc., do not authorize this method. Accordingly, as the result of the improper use of cumulative voting, the election is invalid.

Third, the Court finds that the voting was based upon improper voter lists. An inspection of the corporate records suggests that it was common practice to issue and transfer shares without sufficient consideration. While the Court acknowledges that this procedure was in contravention of corporate law, it must be noted that in every annual meeting, at least as early as 1978 and ending with December 3, 1986, the shareholders have passed a resolution approving all dealings of the directors and officers of the corporation. During the same years, both Lehman H. Young, Sr., and Lehman H. Young, Jr., were shareholders of Class A, voting stock as well as officers and directors of the corporation. Also during this same period, shares of Class A, voting stock were transferred and reclassified as Class B, non-voting stock. There was no contemporaneous objection to these actions.

On October 15, 1987, a total of 254 shares of Class B, non-voting stock was transferred from Pamela A. (Young) Walker and Deborah R. (Young) Harris (one-half from each) to Lehman H. Young, Sr., and the said stock was reclassified as Class A, voting stock. At the time of the next annual meeting on December 3, 1987, the voting list was challenged by Lehman H. Young, Jr. Another shareholders' meeting was held on January 15, 1988, and again, Lehman H. Young, Jr., objected to the list of shareholders. Over his objection, the board of directors was expanded and directors were elected. Those directors subsequently elected officers for the corporation. At no time did Lehman H. Young, Jr., acquiesce in these actions.

Pursuant to Virginia Code § 13.1-638(c), stock of a corporation is not convertible unless authorized by the Articles of Incorporation. As the Articles of Incorporation of Fairfax Printers, Inc., do not so provide, the reclassification of stock, the stock alleged to be transferred from Pamela A. (Young) Walker and Deborah R. (Young) Harris, could only have been Class B, non-voting stock. Accordingly, even if the stock had been properly transferred, Lehman H. Young, Sr., received 254 shares of non-voting stock and invalidly exercised voting rights thereon at the January 15, 1988, meeting.

This raises the question whether the 254 shares were properly transferred, even as Class B, non-voting stock. It would appear that 166 shares of stock issued to Mrs. Walker and Mrs. Harris were signed for by "L. H. Young, Sr., Atty.," despite testimony of non-delivery. The Court finds that delivery was completed as to all stock in question by May 4, 1984, and no objection was raised as to these earlier transactions. On October 15, 1987, however, Lehman H. Young, Sr., simply transferred the stock to himself without the consent or knowledge of his daughters and without benefit of written power of attorney. As has been previously noted, this transfer was objected to by Lehman H. Young, Jr., at the next meeting. The Court finds this latter transfer to be invalid.

While there is no Virginia law on the subject, the majority rule in other jurisdictions is that shareholders who participate in meetings without dissenting are thereafter estopped from denying the legality of the actions taken at the meetings. *See Kearneysville Creamery Co. v. American Creamery Co.*, 103 W. Va. 259, 137 S.E. 217 (1927); *Annot.*, Restrictions on Sale of Corporate Stock, 2 A.L.R. 2d at 757. The court adopts this view. Accordingly, all corporate actions taken prior to the end of 1986, including alleged "A/B" transfers and stock issues contrary to preemptive rights, are deemed ratified by the meetings of the shareholders and the parties are estopped to challenge them at this date.

The January 15, 1988, meeting is to be vacated and a new meeting is to be held pursuant to the following shareholders list:

| Class A (voting) | No. of Shares |
|---|---|
| Cleo Anderson | 6 |
| Robert and Ester Parcelles | 2 |
| Howard F. Young | 1 |
| Lehman H. Young, Sr. | 47 |
| Lehman H. Young, Jr. | 242 |
| | 298 |

| Class B (nonvoting) | No. of Shares |
|---|---|
| Arthur C. Keller | 1 |
| Deborah R. (Young) Harris | 241 |
| Pamela A. (Young) Walker | 241 |
| Treasury | 1 |
| | 484 |

Ms. Hostetler is requested to prepare an order reflecting the Court's findings and declaring that the January 15, 1988, meeting is void and vacated and that a new election of directors is to be held in accordance with the voting list established by this Court.

## March 27, 1989

This matter is once more before the Court upon Lehman H. Young, Sr.'s Motion to Reconsider this Court's letter opinion of February 13, 1989. As the issues raised required further study, the Court took the matter under advisement.

In his motion, Mr. Young, Sr., asserts that the Court erred in two respects: One, that the doctrine of estoppel could not be used in the case of *ultra vires* (and thus void) acts; and two, that the ruling on delivery and reacquisition of stock by Mr. Young, Sr., was internally inconsistent. The Court is not persuaded on the second issue and denies that ground but will further address the first issue.

That the so-called "A/B Transfers" were *ultra vires* is beyond question. Section 13.1-638(c), Code of Virginia, 1950, as amended. Counsel argues that the doctrine of *Kearneysville Creamery Co. v. American Creamery Co.*, 103 W. Va. 259, 137 S.E. 217 (1927), provides that estoppel is only available in the case of ratification of procedural defects, that is, acts which are merely voidable rather than *ultra vires*, or void. This argument seems to follow principles set forth in some legal writings.

> Usually not subject to shareholder ratification are illegal acts, ultra vires acts, or fraudulent acts such as are breaches of the fiduciary duties of management.

Henn, *Law of Corporations*, 2d Ed., p. 380 (1970).

Virginia, however, has adopted (in modified form) the Model Business Corporations Act which sets forth new limitations on the *ultra vires* act doctrine:

> A. Except or provided in subsection B of this section, corporate action may not be challenged on the ground that the corporation lacks or lacked power to act.

Section 13.1-629, Code of Virginia, 1950, as amended. Subsection B, *supra*, allows the challenge only in shareholder injunction actions, actions by the corporation against all officers, etc., of the corporation, and in Commission proceedings. The case at bar does not fall into these categories.

In addition, the case of *Brewer v. Bank of Danville*, 202 Va. 807 (1961), offered by the Complainants, is persuasive. The same argument appears to have been raised that the corporation had no capacity or power to do the act in question. In citing the predecessor to § 13.1-629, *supra*, the Court held "the consent of the officers, directors and shareholders to the corporate act involved in this case, and the ratification of the act by the long acquiescence therein by the corporation precludes any objection of a lack of power in the corporation to perform the act in the first instance." *Id.*, p. 814.

In the case at bar, the so-called "A/B Transfers" were ratified by the yearly approval and long-term acquiescence of the shareholders. The act did not conflict with any interest of the state, did not constitute a crime, did not affect the rights of creditors, and was not directly in conflict with any principle of public policy. Only the respective rights of the shareholders were involved, and the Court deems them to be estopped to challenge these acts. The motion to reconsider is denied.